■ THOMAS BOYLE, Respondent, v MATTHEW BRENNAN, Appellant. [921 NYS2d 562]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), dated March 2, 2010, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendant failed to meet his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendant claimed that the plaintiff's complaints were solely caused by pre-existing injuries. However, the defendant failed to submit

any medical evidence, based on examinations of the plaintiff conducted after the subject accident, to demonstrate that the plaintiff's complaints did not constitute serious injuries or were not causally related to the subject accident (*see generally Dufel v Green*, 84 NY2d 795, 798 [1995]). Consequently, the defendant's moving papers did not establish a prima facie showing of entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]).

Since the defendant did not sustain his prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Bright v Moussa*, 72 AD3d 859, 860 [2010]; *Menezes v Khan*, 67 AD3d 654, 655 [2009]). Skelos, J.P., Dickerson, Hall, Austin and Miller, JJ., concur.